UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE MOORE,

                Plaintiff,                No. 15-cv-12430
                                            Assigned to:
vs.                                         Hon. Thomas L. Ludington

PEOPLE OF THE STATE OF MICHIGAN,

                Defendant.
_____/

ORDER DENYING PERMISSION TO FILE NEW § 1983
CIVIL RIGHTS COMPLAINT FOR DECLARATORY RELIEF

        At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on October 6, 2015

        PRESENT:   Honorable Gerald E. Rosen
                              United States District Chief Judge

After Plaintiff's numerous meritless duplicative filings, including the filing of two unsuccessful Fed. R. Civ. P. 60 motions for relief from the judgment of dismissal entered by the court four years earlier, and after the Sixth Circuit had determined that the issues raised by Plaintiff were frivolous, and twice dismissed Plaintiff's appeals and refused reconsideration of the matter, on March 23, 2015, the Honorable Arthur J. Tarnow entered an Order enjoining Plaintiff from "filing any new actions in the United States District Court for the Eastern District of Michigan without first applying for and obtaining an order from the Chief Judge authorizing the filing of such lawsuit."  [*See*


*Terrence Moore v. George Hartley, et al.,* No. 09-13536 [Dkt. # 107].

Plaintiff now is before this Court seeking such authorization for the filing of this new Section 1983 Civil Rights Complaint for Declaratory Relief.

Leave to file a new complaint will not be granted to a litigant who has been enjoined from filing new actions "unless [the litigant] can show (i) that the issues he seeks to present have not yet been addressed in the Court's prior rulings, and (ii) that his filing is made in good faith and the issues he raises are neither frivolous nor abusive of the judicial process." *See Hawkins v. United States*, 2005 WL 2237785 at *1(E.D. Mich. May 12, 2015) (citation omitted). The Supreme Court has defined a "frivolous" action as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319,  109 S.Ct. 1827, 1831 (1989). Plaintiff Moore has not made the required showing.

At the heart of Plaintiff's proposed complaint is his allegation that "the Michigan state courts [] are inconsistent in their application of *People v. Cress*, 664 N.W.2d 174 (2003) to ... Michigan Court Rule 6.502(6)(2)['s] new evidence exception." He wants this Court to declare the Michigan state courts' procedural rulings erroneous and order, on that basis, that he be allowed to proceed with this § 1983 action to challenge, as a violation of his Fourteenth Amendment Right to Due Process, the Michigan courts' decisions denying him post-trial relief from his 2005 state court convictions for first degree premeditated murder, felon in possession of a firearm, larceny in a building and

possession of a firearm during the commission of a felony.[1]

The federal district courts do not sit as appellate courts over state court decisions. "The jurisdiction possessed by the District Courts is strictly original." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). With the exception of their power to issue writs of habeas corpus, they are without power to review decisions rendered by state courts. *See Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("[A]ppellate jurisdiction to reverse or modify a state-court judgment is lodged ... exclusively in [the Supreme] Court."). Federal jurisdiction over appeals from state courts is vested exclusively in the United States Supreme Court by 28 U.S.C. § 1257. In other words, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state court judgments." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 83–84 (2d Cir.2005); *see also Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293 (6th Cir.2005) (explaining that federal district courts lack jurisdiction over challenges to state court decisions). Claims that challenge the propriety of decisions made by state court judges go beyond the scope of a federal district court's jurisdiction. *See Helfrich v. Marcelain*, 2009 WL 2243800 (S.D. Ohio July 23, 2009).

The foregoing makes clear that this Court is without jurisdiction to declare the

---

[1] *See People of the State of Michigan v. Terrence Terrell Moore*, Oakland County Circuit Court No. 05-202583, 10/7/13 Opinion and Order Regarding Defendant's Successive Motion for Relief from Judgment [Plaintiff's Ex. B], *app. dismissed*, *People v. Moore*, No. 318658 (Mich. Ct. App. Jan. 31, 2014), *lv. denied*, *People v. Moore*, 497 Mich. 867, 853 N.W.2d 847 (2014), *and recons. denied*, 497 Mich. 956, 858 N.W.2d 38 (2015).

alleged "inconsistent" rulings of the Michigan state courts erroneous.   Consequently, this Court finds that as there is no basis in law for Plaintiff Moore's proposed new complaint. The complaint is frivolous, and not in good faith. Therefore,

IT IS HEREBY ORDERED that Plaintiff's request for permission to file his new complaint is DENIED.

IT IS FURTHER ORDERED that leave to appeal this decision *in forma pauperis* will be denied as any appeal from this decision would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438, 445–46, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

s/Gerald E. Rosen  
Chief Judge, United States District Court

Dated:   October 6, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 6, 2015, by electronic and/or ordinary mail.

s/Julie Owens  
Case Manager, (313) 234-5135